# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL JOSEPH DENNISON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CARON RENATE WHITTEN STOWERS,<br><br>　　　　Defendant. | Case No.  1:22-cv-00336-JLT-SKO<br><br>FINDINGS AND RECOMMENDATION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION<br><br>(Doc. 1) |

## I.　　INTRODUCTION

On March 23, 2022, Plaintiff Daniel Joseph Dennison, proceeding *pro se* and *in forma pauperis*, filed a complaint against Defendant Caron Renate Whitten Stowers, seeking relief under the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA") and the Parental Kidnapping Prevention Act ("PKPA"). (Doc. 1 ("Compl.").) It appears that Plaintiff brought this action in response to Defendant's taking their two children from California to Oklahoma. (*See id.* at 5–6). Plaintiff requests that his children be returned to his custody in California. (*Id.* at 6.)

Plaintiff's complaint is now before the Court for screening. As discussed below, the undersigned finds that Plaintiff has not established a basis for federal jurisdiction and will recommend that this action be dismissed, without leave to amend, for lack of subject matter jurisdiction.

///

///

## II. SCREENING REQUIREMENT AND STANDARD

In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen each case and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the Court determines that a complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

The Court's screening of a complaint under 28 U.S.C. § 1915(e)(2) is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Plaintiff must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. *See, e.g.*, *Brazil v. U.S. Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## III. DISCUSSION

### A. Lack of Subject Matter Jurisdiction

#### 1. Legal Standards

Federal courts have no power to consider claims for which they lack subject matter jurisdiction. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986); *see also Vacek v. United States Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Subject matter jurisdiction is determined and must exist at the time the complaint is filed. *See Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988) (looking to original complaint, not amended complaint, for subject matter jurisdiction).

Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "A case 'arises under'

federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088–89 (9th Cir. 2002) (modification in original) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 8–9 (1983)). "The presence or absence of such jurisdiction is governed by the 'well-pleaded complaint rule,' under which 'federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 470–71 (1998) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)).

District courts also have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different States." 28 U.S.C. § 1332. "Subject matter jurisdiction based upon diversity of citizenship requires that no defendant have the same citizenship as any plaintiff." *Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001) (per curiam), *abrogated on other grounds by Hertz Corp. v. Friend*, 59 U.S. 77 (2010).

This Court has an independent duty to consider its own subject matter jurisdiction, whether the issue is raised by the parties, and must dismiss an action over which it lacks jurisdiction. Fed. R. Civ. P. 12(h)(3); *see also Cal. Diversified Promotions, Inc. v. Musick*, 505 F.2d 278, 280 (9th Cir. 1974) ("It has long been held that a judge can dismiss sua sponte for lack of jurisdiction."). The burden is on the plaintiff to allege facts establishing that jurisdiction exists to hear his or her claims. *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986) ("The party seeking to invoke the court's jurisdiction bears the burden of establishing that jurisdiction exists.").

**2. Federal Question**

Plaintiff asserts that that the Court has federal question jurisdiction to hear his claims under the UCCJEA and the PKPA. (Compl. at 4.) "[T]he UCCJEA is not federal law. It is rather a uniform law that has been adopted by several states[.]" *Cathey v. Harrison*, No. 1:16–CV–00545–LJO–MJS, 2016 WL 4494446, at *2 (E.D. Cal. Aug. 25, 2016). "The PKPA sets out the jurisdictional criteria which govern all interstate child custody disputes." *Id.* (quoting *Bergmann v. McCullough*, 218 Ga. App. 353, 461 S.E.2d 544, 546 (Ga. Ct. App. 1995)). Neither the UCCJEA

nor the PKPA provides a private right of action in federal court. *See Thompson v. Thompson*, 484 U.S. 174, 187 (1988) (no implied cause of action in federal court under PKPA); *Becker v. State of Cal.*, 17 F.3d 393 (9th Cir.1994) (unpublished) (no federal cause of action under PKPA or UCCJEA); *Schumacker v. Washington*, No. C14-5966 BHS, 2015 WL 300496, at *2 (W.D. Wash. Jan. 22, 2015) (same); *Cathey*, 2016 WL 4494446, at *2 ("While the PKPA sets forth the standard for continuing exclusive custody jurisdiction over minor children, it does not create a federal cause of action. PKPA controls which state law applies, but does not provide a basis for bringing an action in federal court based on federal subject matter jurisdiction."). Accordingly, Plaintiff has not established federal question jurisdiction.

### 3. Diversity

As discussed above, Plaintiff's underlying legal claims are not based on federal law, and he is unable to establish federal question jurisdiction. Assuming that Plaintiff presents cognizable state law claims, he can proceed in federal court only if he properly alleges diversity jurisdiction. *See* 28 U.S.C. § 1332. While it appears that the parties may be diverse as Plaintiff resides in California and Defendants in Oklahoma (*see* Compl. at 2), Plaintiff has not established that the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs. *See id.* Plaintiff does not allege any damages, requesting only to obtain custody of his children and have them returned to him in California, and for Madera County to have jurisdiction over the custody dispute. (*See* Compl. at 6.) As Plaintiff has not alleged the requite amount in controversy, he cannot establish diversity jurisdiction.

For the foregoing reasons, the undersigned finds that Plaintiff's complaint is deficient for failure to sufficiently plead subject matter jurisdiction.

### 4. Domestic Relations Exception

Additionally, the "domestic relations exception" prevents federal courts from exercising jurisdiction in child custody matters. *Ankenbrandt v. Richards*, 504 U.S. 689 (1992); *see also Peterson v. Babbitt*, 708 F.2d 465, 466 (9th Cir. 1983) (per curiam) ("[F]ederal courts have uniformly held that they should not adjudicate cases involving domestic relations."). Domestic relations and child custody issues are generally considered to be state law matters. *Peterson*, 708

F.2d at 466.  Federal abstention is appropriate in such cases based on: (1) the strong state interest in domestic relations matters, (2) the state courts' superior competence in settling family disputes, and (3) the possibility of incompatible federal and state court decisions since the state exercises ongoing judicial supervision.  *Id.* at 466 (citing *Moore v. Sims*, 442 U.S. 415 (1979)).  Here, the complaint does not allege any violations of federal law, and Plaintiff's claims arise out of a child custody dispute.  Accordingly, this Court lacks subject matter jurisdiction over the claims alleged.  *See, e.g.*, *Roles v. California*, No. 2:16–CV–02841 WBS DB, 2017 WL 3720248, at *3 (E.D. Cal. Aug. 29, 2017) (finding that federal court lacked subject matter jurisdiction over challenge to outcome of a child custody dispute in state court); *Freeman v. Francis*, No. 16CV3082-MMA (BGS), 2017 WL 1400158, at *2 (S.D. Cal. Apr. 19, 2017) (finding court lacked jurisdiction over action arising out of a custody dispute); *Howell v. California*, No. 1:18–CV–01179–BAM PC, 2019 WL 2076395, at *2 (E.D. Cal. May 10, 2019) (same).

### B. Leave to Amend Would Be Futile

When dismissing a complaint, the Ninth Circuit has stated that "leave to amend should be granted unless the district court determines that the pleading could not possibly be cured by the allegation of other facts." *Bly–Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (internal quotation marks omitted); *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996).  If, however, it is clear after careful consideration that a complaint cannot be cured by amendment, the court may dismiss without leave to amend.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *see also Hartmann v. CDCR*, 707 F.3d 1114, 1130 (9th Cir. 2013); *accord Lopez*, 203 F.3d at 1129 ("Courts are not required to grant leave to amend if a complaint lacks merit entirely.").

Here, it is clear from the face of the complaint that the Court lacks subject matter jurisdiction and the nature of the asserted claims precludes any possibility that Plaintiff could cure the jurisdictional defect by amendment.  Thus, the undersigned recommends denying leave to amend because amendment would be futile.  *See Johnson v. Powers*, No. 2:21–CV–02135–KJM–CKD PS, 2022 WL 432539, at *2 (E.D. Cal. Feb. 11, 2022) (recommending that complaint be dismissed without leave to amend where domestic relations exception barred subject matter jurisdiction), *report and recommendation adopted*, No. 2:21–CV–2135–KJM–CKD PS, 2022 WL 913427 (E.D.

Cal. Mar. 29, 2022); *Pronesti v. Dep't of Fam. Servs.*, No. 2:15–CV–01994–JAD–PAL, 2017 WL 976629, at *3 (D. Nev. Jan. 25, 2017) (same), *report and recommendation adopted*, No. 2:15–CV–01994–JAD–PAL, 2017 WL 968991 (D. Nev. Mar. 13, 2017).

### IV.     CONCLUSION AND RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that this action be dismissed for lack of subject matter jurisdiction, without leave to amend.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l)(B). **Within twenty-one (21) days after being served with these Findings and Recommendations**, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 17, 2022**              /s/ *Sheila K. Oberto*
                                        UNITED STATES MAGISTRATE JUDGE