UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL JOSEPH DENNISON,<br><br>     Plaintiff,<br><br>     v.<br><br>CARON RENATE WHITTEN STOWERS,<br><br>     Defendant. | Case No.: 1:22-cv-0336 JLT SKO<br><br>ORDER ADOPTING IN FULL THE FINDINGS AND RECOMMENDATIONS AND DISMISSING THE ACTION WITHOUT PREJUDICE FOR LACK OF JURISDICTION<br><br>(Doc. 4) |

Daniel Joseph Dennison asserts Caron Renate Whitten Stowers took their children from California to Oklahoma and requests the Court order that his children be returned to his custody in California. Plaintiff seeks this relief under the Uniform Child Custody Jurisdiction and Enforcement Act and the Parental Kidnapping Prevention Act. (*See* Doc. 1.)

The magistrate judge reviewed the allegations of the complaint and observed that the Uniform Child Custody Jurisdiction and Enforcement Act is not a federal law, but rather is "a unform law that has been adopted by several states." (Doc. 4 at 3, quoting *Cathey v. Harrison*, 2016 WL 4494446, at *2 (E.D. Cal. Aug. 25, 2016).) Similarly, the magistrate judge noted the Parental Kidnapping Prevention Act identifies "the jurisdictional criteria which govern all interstate child custody disputes." (*Id.*) The magistrate judge observed that neither statute provides a private right of action in federal court. (*Id.* at 3-4, citing *Thompson v. Thompson*, 484 U.S. 174, 187 (1988); *Becker v. State of Cal.*, 17 F.3d 393 (9th Cir.1994); *Schumacker v. Washington*, No. C14-5966 BHS, 2015 WL 300496,

1

at *2 (W.D. Wash. Jan. 22, 2015); *Cathey*, 2016 WL 4494446 at *2.)  Therefore, the Courtfound Plaintiff failed to demonstrate this Court has subject matter jurisdiction over the action based upon the claims presented.  (*Id.* at 4.)

The magistrate judge also reviewed the complaint to determine whether the Court may have diversity jurisdiction over the action.  (Doc. 4 at 4.)  The magistrate judge noted that "the parties may be diverse as Plaintiff resides in California and Defendant[] in Oklahoma."  (*Id.*)  However, the magistrate judge determined that "Plaintiff has not established that the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs."  (*Id.*)  Because Plaintiff did not allege the requisite amount in controversy, the magistrate judge found he could not establish diversity jurisdiction.  (*Id.*)

Finally, the magistrate judge noted "the 'domestic relations exception' prevents federal courts from exercising jurisdiction in child custody matters."  (Doc. 4 at 4, citing *Ankenbrandt v. Richards*, 504 U.S. 689 (1992); *Peterson v. Babbitt*, 708 F.2d 465, 466 (9th Cir. 1983).)  Because the only claims in the complaint arise out of child custody dispute, the magistrate judge determined the Court lacked subject matter jurisdiction under the "domestic relations exception" as well.  (*Id.* at 5.)

The magistrate judge recommended the action be dismissed for lack of jurisdiction and granted 21 days Plaintiff to file any objections. (Doc. 5 at 6) The Court advised Plaintiff "that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014); citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991).) Plaintiff has not filed any objections and the deadline to do so has passed.

This Court conducted a *de novo* review of the case according to 28 U.S.C. § 636 (b)(1)(C). Having carefully reviewed the entire matter, the Court concludes the Findings and Recommendations are supported by the record and by proper analysis. Thus, the Court **ORDERS**:

1. The Findings and Recommendations issued on June 21, 2022 (Doc. 4), are **ADOPTED** in full.
2. This action is **DISMISSED** without prejudice for lack of jurisdiction.

///

///

2

3      The Clerk of Court is directed to close this action.

IT IS SO ORDERED.

Dated:    **July 25, 2022**

_____
UNITED STATES DISTRICT JUDGE